**SO ORDERED.**

1

**T I F F A N Y  &  B O S C O**
P.A.

2    **2525 EAST CAMELBACK ROAD**

3    **SUITE 300**

     **PHOENIX, ARIZONA 85016**

4    **TELEPHONE: (602) 255-6000**

5    **FACSIMILE: (602) 255-0192**

**Dated: August 23, 2010**

_____
**REDFIELD T. BAUM, SR**
**U.S. Bankruptcy Judge**

_____

6    Mark S. Bosco
     State Bar No. 010167
7    Leonard J. McDonald
     State Bar No. 014228
8    Attorneys for Movant

9    10-19373

10              **IN THE UNITED STATES BANKRUPTCY COURT**

11                   **FOR THE DISTRICT OF ARIZONA**

12

13   IN RE:                                    No. 2:10-BK-21958-RTB

14   John Hogen                                        Chapter 7
                     Debtor.
15   _____           ORDER

16   Wells Fargo Bank, N.A.
                     Movant,                   (Related to Docket #9)
17          vs.

18   John Hogen, Debtor, Anthony H. Mason, Trustee.

19              Respondents.

20   _____

21          Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed

22   Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any,

23   and no objection having been received, and good cause appearing therefore,

24          IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

25

26

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated July 5, 2005 and recorded in the office of the Maricopa County Recorder wherein Wells Fargo Bank, N.A. is the current beneficiary and John Hogen has an interest in, further described as:

LOT 1465, OF SUN GROVES PARCELS 19, 20, & 22, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF MARICOPA COUNTY, ARIZONA,
RECORDED IN BOOK 624 OF MAPS, PAGE 20

IT IS FURTHER ORDERED that Movant may contact the Debtor by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtor. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtor if Debtors personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.